A. Franklin Mahoney, J.
In April, 1967 the petitioner was determined to be eligible for medical assistance from the Greene County Department of Social Services. On May 31, 1967, January 26,1968 and on May 4, 1968 the petitioner was admitted to and treated in the Valley Hospital in Ridgewood, New Jersey. Each of these admissions in an out-of-State hospital was without the prior approval for payment of the Greene County Department of Social Services. The county paid for the May 31, 1967 admission but, after advising the petitioner and her household that approval would be required for any subsequent out-of-State hospitalization, refused to pay for the last two visits.
Pursuant to subdivision 4 of section 366-a of the Social Services Law a fair hearing was held by the respondent on April 25, 1969. In a decision, dated October 20, 1969, the respondent held that because hospitalization outside of the State requires prior authorization, except in emergencies, and because the petitioner had not received such authorization for the January and May, 1968 visits to Valley Hospital, the determination of the Greene County Department of Social Services denying payment for such visits was affirmed.
This article 78 proceeding seeks to annul that holding.
The allegations of the petition do not charge that respondent acted contrary to the statutory commandments nor is there any challenge to the rule that administrative agencies must act on substantial evidence. Indeed, only paragraph ‘ ‘ Eleventh ’ ’ of the petition identifies the grounds for the requested relief and, in my view, is inadequate. The fair hearing provided for in subdivision 4 of section 366-a of the Social Services Law is not an adversary proceeding at which petitioner is entitled to be represented by counsel. This is not to say that a petitioner *690 could not, upon request, be so represented but, rather, a holding that administrative agencies are under no compulsion to advise a petitioner of a right to counsel or to assign such aid if he cannot afford such representation.
Next, the emergency exclusion from the requirement of prior approval for out-of-State hospitalization is not applicable to the facts herein. The petitioner had a long history of a malignant disease. Several New York State hospitals with facilities and expertise in the area of concern were more readily accessible geographically to Greene County than Valley Hospital in New Jersey. The medical records of Valley Hospital could have been transferred to either of the New York State hospitals.
The requirement that New York institutions benefit from expenditures of tax revenue for medicaid patients is reasonable and salutory and should not be frustrated by approval of payments to out-of-State institutions when compliance with the law is not, as herein, unduly burdensome.
The petition is dismissed.